IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DELANTE HIGGENBOTTOM,

                      Plaintiff,

v.

CAROL RADOVICH, JOHN DOE, and JANE DOE,

                      Defendants.

ORDER

19-cv-509-jdp

---

    Plaintiff Delante Higgenbottom, appearing pro se, is a prisoner at Fox Lake Correctional Institution (FLCI). Higgenbottom alleges that defendant prison officials failed to properly treat his medical problems caused by unsafe drinking water at FLCI. I granted him leave to proceed on Eighth Amendment medical care claims against defendants Carol Radovich, John Doe, and Jane Doe for failing to disclose to him the results of kidney testing showing that his glomerular filtration rate decreased for several years in a row and for failing to provide him with any treatment for the problem. Dkt. 23.

    Defendant Radovich has filed a motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), contending that Higgenbottom's operative complaint fails to state a claim upon which relief may be granted. Dkt. 32. Higgenbottom has not directly responded to the motion, instead filing a series of motions for extension of time or other motions aimed at staying a decision on the motion to dismiss, including a motion to request blood draw, Dkt. 33, and a motion to stay the case so that he can gather facts and amend his complaint, Dkt. 42. The court granted Higgenbottom his requested extensions but he has still not responded to the motion to dismiss. He has also filed a motion for appointment of counsel, Dkt. 40.

**A. Motion to dismiss**

In her reply and another filing that she calls a supplemental brief, Radovich argues that the case should be dismissed because Higgenbottom hasn't opposed her motion. In support she cites several cases in which this court has dismissed cases in which a plaintiff's failure to oppose motions by the defendants indicated their abandonment of the case or their failure to prosecute discovery-related issues necessary to resolve the case. *See (Shaw) Nawrocki v. Kutz*, No. 18-cv-846-jdp, 2020 U.S. Dist. LEXIS 133307 (W.D. Wis. July 28, 2020); *Sierra-Lopez v. Bender*, No. 18-cv-665-bbc, 2019 U.S. Dist. LEXIS 149309 (W.D. Wis. Sep. 3, 2019); *Pettengill v. Cameron*, No. 17-cv-677-bbc, 2018 U.S. Dist. LEXIS 52159 (W.D. Wis. Mar. 28, 2018); *Pohl v. Colvin*, No. 15-cv-425-jdp, 2015 U.S. Dist. LEXIS 153034 (W.D. Wis. Nov. 12, 2015).

None of those cases persuades me to dismiss Higgenbottom's case. Higgenbottom clearly has not abandoned this case, as he continues to file motions. And none of those cases involved a complaint that the court had already screened under 28 U.S.C. § 1915. I will not give Higgenbottom any more chances to respond to the motion to dismiss, but I also do not need his opposition arguments: I have already screened his complaint and concluded that Higgenbottom did state Eighth Amendment claims against defendants. Radovich's motion to dismiss is essentially one for reconsideration of that order.

Higgenbottom alleges that the contaminated FLCI water is harming his kidneys, that he "suffers from Stage 2 kidney failure," Dkt. 22, ¶ 51, and that annual testing shows that his "glomerular filtration rate" (GFR) has decreased each year—from 75 in 2018 to 63 in 2021. But defendants didn't explain what his test results meant until later, when Radovich told him that he was suffering from Stage 2 kidney failure, and defendants haven't done anything to treat the problem.

Radovich contends that Higgenbottom has pleaded himself out by providing test results showing that he does not suffer from a serious medical need because Higgenbottom also pleaded that a person doesn't have chronic kidney disease unless his GFR level is below 60. She also argues that Higgenbottom's allegation that he suffers from Stage 2 kidney failure is "oxymoronic" and "self-evidently false" because information from the National Kidney Foundation's website states that kidney failure doesn't occur until a person's GFR level is below 15.[1] In later briefing she argues that Higgenbottom's mere "fear" of developing a serious condition isn't enough to state a claim under the Eighth Amendment.

Even assuming that I could take judicial notice of the different stages of kidney disease from the internet, that information does not lead me to conclude that Higgenbottom has pleaded himself out. The website shows that Higgenbottom's GFR results puts him in Stage 2 of chronic kidney *disease*, not kidney *failure*. But given the generous interpretation that I must give to a complaint at the motion-to-dismiss stage, that distinction doesn't materially change my analysis. Higgenbottom alleges that he is suffering from the early stages of kidney disease and that his condition continues to deteriorate. At the pleading stage that is sufficient to show that he has a serious medical need.

Radovich also states that Higgenbottom hasn't stated a claim because he admits that staff is monitoring him with yearly GFR tests and that the National Kidney Foundation website states that further treatment isn't necessary for people with Stage 2 kidney disease. But as with considering a motion to dismiss, at screening I was required to draw reasonable inferences from the allegations in Higgenbottom's favor. The mere fact that Higgenbottom received yearly tests

---

[1] *See* https://www.kidney.org/atoz/content/gfr.

3

isn't enough at the pleading stage to conclusively show that defendants provided him with adequate medical care under the Eighth Amendment, particularly given that Higgenbottom also alleges that they haven't treated his condition as it deteriorates.

As for Radovich's statement that the National Kidney Foundation website says that treatment isn't required for Stage 2 kidney disease, she does not provide any authority for the proposition that I can take judicial notice of how to properly treat a disease, so that information is not appropriate for me to consider in a motion to dismiss. In any event, the link she provides, https://www.kidney.org/es/node/25721, redirects to a page that does not state that treatment is unnecessary for Stage 2 kidney disease.[2] And other information on the website indicates that treatment is indeed available for Stage 2 kidney disease.[3] Radovich's argument that she didn't disregard Higgenbottom's condition is one that she must save for summary judgment. I will deny her Rule 12(b)(6) motion.

B.  **Higgenbottom's motions**

That leaves Higgenbottom's motions. Higgenbottom asks to stay the case to gather facts so that he can amend his complaint in response to the motion to dismiss, and he seeks an order directing state officials to send him to an outside medical provider for a blood draw to test for heavy metals so that he can use those results to oppose the motion to dismiss. I will deny both of those motions as moot because I am denying the motion to dismiss.

Higgenbottom has also filed a motion for appointment of counsel, which I will deny. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the

---

[2] https://www.kidney.org/atoz/content/about-chronic-kidney-disease.

[3] *See* https://www.kidney.org/atoz/content/gfr (person in Stage 2 should ask health professional "about taking medication that may help slow progression of kidney disease").

authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To show that it is appropriate for the court to recruit counsel, a plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, Higgenbottom must show that he is unable to afford counsel. The financial information that he has submitted is sufficient to meet this requirement.

Second, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). This court ordinarily requires a plaintiff to contact at least three attorneys before seeking help from the court. Higgenbottom has submitted correspondence showing that he has contacted four lawyers, but Radovich points out that two of the four are state employees who likely would not be able to take on a case about alleged mistreatment in a state prison. I agree with Radovich that Higgenbottom has not contacted three lawyers with the potential to help him. Higgenbottom should seek help from additional attorneys who are not state employees.

Even had Higgenbottom contacted three non-state-employee lawyers, his motion would fail on the third part of the analysis: this court recruits counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55.

Higgenbottom argues that the case involves medical issues too complex for him to handle. But I am not convinced that this case is one requiring the assistance of counsel. As I

5

have stated in other FLCI water cases, given the resources that the court and the pro bono fund have already expended with finding counsel and paying two court-appointed experts, I will not consider recruiting new counsel to represent any of the individual plaintiffs proceeding with cases related to the FLCI water unless they present extraordinary circumstances regarding their ability to litigate a case, or a case survives summary judgment and is headed to trial. Here, it is too early to tell whether the case will truly boil down to issues that are too complex for Higgenbottom to handle. And nothing in Higgenbottom's submissions suggest that he will have a more difficult time litigating his case than the hundreds of other prisoners who bring civil rights cases in this court each year.

I will deny Higgenbottom's motion without prejudice, which means that he can renew his motion if he continues to believe that he is unable to litigate the suit himself. But if he refiles his motion, he will have to explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

1. Defendant Carol Radovich's motion to dismiss, Dkt. 32, is DENIED.
2. Plaintiff Delante Higgenbottom's motion to stay the case, Dkt. 42, is DENIED.
3. Plaintiff's motion for blood testing, Dkt. 33, is DENIED.

4. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 40, is DENIED without prejudice.

Entered August 26, 2022.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge